## LANGSTON v. SHANDS.

1. A joint and several bond, which matured January 1, 1860, and was credited with a payment January 5, 1860, was presented in September, 1883, under a call for the creditors of P deceased, one of the obligors. *Held*, that it must be presumed to have been paid, notwithing judgment against the other obligors and payments thereon after P's death; and notwithstanding an action commenced against P's estate in 1870, but dropped from the calendar by the Circuit Judge in 1877, and never restored.
2. A guardian's bond stands as security to the ward for the payment of whatever may be found due on a proper accounting, for full twenty years from the day that the ward may demand a settlement; but the right to an accounting may be barred in a shorter time, under the statute, where there has been a disavowal of the trust.
3. The acts of the guardian in this case did not amount to a disavowal of trust, and yet were not admissions binding upon the surety on his bond.
4. An infant ward having married a husband in March, 1863, the presumption of a payment by her guardian to her husband for her, then commenced to run, and was complete before September, 1883, when the claim was presented in this case for payment.

Before HUDSON, J., Laurens, September, 1883.

In this case the Hon. T. B. Fraser, of the third Circuit, and the Hon. I. D. Witherspoon, of the sixth Circuit, sat in the places of the Chief Justice and Mr. Justice McGowan, who had been of counsel in the court below. It was an action by P. B. Langston, as administrator *de bonis non* of Robert Pitts, deceased, against the executor of one of the devisees, and against the other

devisees and legatees of the plaintiff's testator. Creditors were subsequently called in, and the only questions brought to this court involved the rights of two of these creditors. The report of the master, and the brief decree of the Circuit Judge, together with other facts, are sufficiently stated in the opinion of this court.

*Mr. Richard C. Watts*, for appellants.

*Messrs. Holmes & Simpson*, contra.

July 1, 1885.   The opinion of the court was delivered by

MR. JUSTICE FRASER.   Some time in 1879 this action was commenced by the plaintiff in his own right and as administrator against the devisees, heirs, and representatives of Robert Pitts, deceased, having for "its object the marshalling of the assets and the full and final settlement" of his estate. It does not appear in the "Case" that at the commencement of the action any creditors were made parties to the action. Some time in 1881, an order was made referring the case to the master. On October 17, 1882, an order was made, by whom it does not appear, to call in creditors. The "Case" does not show that there was any publication of the usual notice to creditors, or that there was any order enjoining creditors from prosecuting their claims otherwise than under these proceedings. Amongst the claims presented for payment are two, which are the subjects of this appeal:

1. A bond of Isabella A. Henry, B. C. Beasley, and Robert Pitts, to B. R. Campbell, commissioner in equity, in the penal sum of $3,400, dated March 29, 1859, conditioned to pay $1,701 on January 1, 1860. On this bond there was paid January 5, 1860, $750. On this bond Robert Pitts was a surety.

At the May term, 1875, judgment was obtained on this bond against Beasley for the full amount of the debt, interest, and costs, and nothing has been recovered on it. At the February term, 1878, judgment was obtained against Isabella A. Henry for the full amount of debt, interest, and costs, and there was collected thereon the sum of $125, an amount insufficient to pay the costs which had accrued in that action. Robert Pitts had died in the spring of 1862. An action was commenced against his

executors, and the case stood on calendar No. 1 at the June term, 1870. The case remained on this calendar, No. 1, until the May term, 1877, when, as stated in the "Case," it was marked "struck off," or, as stated by the counsel for the appellants, "adjourned off." The executors of Robert Pitts died about this time, and no further proceedings were had in reference to this bond against the estate of Robert Pitts until the same was presented under the call for creditors in this case.

This claim was allowed by the master, and on exception his judgment was overruled by the Circuit Judge on the ground that the claim was barred by the presumption of payment arising from lapse of time. It does not appear that there was any order enjoining creditors made in this case at any time, and it is not necessary, therefore, to consider what would have been the effect of such an order in arresting the currency of the statute of limitations, or of the presumption of payment from lapse of time. The first order to call in creditors was made October 17, 1882. While there was, on April 16, 1883, an adjournment to communicate with a party in the west and for claims represented by Mr. Watts, one of the counsel for the appellants, there was no presentation of the claim, or any evidence in reference to it until September 4, 1883. It is to be regretted that the "Case" does not furnish more definite information as to the time and mode in which these claims were presented. We must, from such statements as have been made, conclude that this claim and the one to be hereafter considered, were first presented under the call in this case on September 4, 1883. This, therefore, is as to this claim the commencement of the action, which would arrest the presumption if not too late. See *Warren* v. *Raymond*, 17 *S. C.*, 202, 205.

The presumption of payment running from the payment of $750, January 5, 1860, even if we allow nine months, during which action cannot be brought against personal representatives, was complete on October 5, 1880, unless it has been in some way arrested. A payment made by Isabella A. Henry, or B. C. Beasley, if made during the life of Robert Pitts, might have given a new starting point for the presumption of payment. A several judgment against them, or either of them, after his death,

can have no such effect, even if a part of the money is collected under the execution issued under the judgment. The judgment was as to each of them several and conclusive only as to the party sued. In any other action against other parties to the bond there must be proof *de novo* as to every issue involved. See *Shubrick* v. *Adams*, 20 *S. C.*, 49.

It is earnestly urged, however, that the presumption of payment was arrested by the commencement of an action against the executors of Robert Pitts in 1870 on this bond, and (as we understand the argument) which was still pending when the claim was presented here, notwithstanding the entry of "struck off" or "adjourned off" in 1877 at the May term of the court. This latter expression, which was a very common one used in such cases by the Circuit Judge alluded to, really has no precedent for its use, and, as far as we are informed, never had any other effect than to induce the clerks to drop the case from the calendar, to be restored, without asking leave, whenever requested by any party to the action. The words had no meaning, and were so regarded by the profession. If the entry of "struck off" had been made, and this is the strongest way in which it can be put as against the claim, the case could have been restored to the calendar on motion made within a reasonable time. Nearly seven years had elapsed since this entry was made on calendar No. 1, before any further steps were taken to submit this claim to the court. The case thus stricken from the calendar, or "adjourned off," cannot certainly have such dormant life as to justify a revival of it now. In *Kennedy* v. *Smith*, 2 *Bay*, 414, it is said: "That all the cases quoted from 3 Blackstone's Commentaries are strong in point, and prove that leaving a chasm in the proceeding, without regular continuance from time to time, will amount to a discontinuance. But the lapse of seven years is so great *laches* on the part of the plaintiff in this action that nothing on her part can cure it."

In this case we see nothing to excuse the *laches*, and there was nothing in the way in which suit was brought on this bond and allowed to drop to arrest the presumption of payment. This court therefore holds that there has been as to this bond a presumption of payment arising from lapse of time having a force

equal to the bar of the statute of limitations. *Boyce* v. *Lake*, 17 *S. C.*, 481; *Shubrick* v. *Adams*, 20 *S. C.*, 49.

2. The other claim is on a bond signed by Robert Pitts as surety for John Langston as guardian of Mary E. Langston, now Mary E. Donnon, wife of James M. Donnon. The bond bears date June 26, 1846. Mary E. was married March 3, 1863, and attained her majority June 30, 1863. As the law then stood, the marital rights attached to the fund in the hands of the guardian, and the change as to the rights of married women by the constitution of 1868 did not divest them. In the absence of any evidence on the subject, we must assume that James M. Donnon was then of age, and he could have received the money from the guardian and given a valid receipt for the same without joining his wife in the receipt. The statute of limitations would then have commenced to run, and the presumption of payment from lapse of time, for the same reason, from the marriage. *Glover* v. *Lott*, 1 *Strob. Eq.*, 79; *Coleman* v. *Davis*, 2 *Strob. Eq.*, 341.

The bond of a guardian is conditioned that the guardian shall faithfully account for and pay over whatever may come into his hands as guardian. To secure the performance of this duty the bond runs for full twenty years from the time at which the ward attains majority, or, as in this case, from the time when by her marriage there was a person *sui juris* and competent as her husband to receive and receipt for the fund. When, however, after this period the guardian does an act which purports to be a termination of his trust, he thereby claims to have discharged this duty. From such an act, therefore, the statute of limitations commences to run and becomes a bar to any further accounting. The statute, however, does not bar any claim to the amount admitted to be due on such accounting. It only shuts out any claim to a further accounting, but the bond continues to run for the security of the ward that the sum so admitted to be due shall be paid for the full period of twenty years from the date of such admission.

In the case now under consideration there is a fund in the hands either of the personal representatives of the guardian, John Langston, or of the Probate Court, as a part of his estate

admitted to be applicable to this claim. Neither is the death of the guardian, John Langston, in 1862, nor the recovery of a judgment against his personal representatives in 1875, nor the accounting in the Probate Court in 1879, such a throwing off of the trust as' will give currency to the statute of limitations. Neither can any of these things amount to such an admission of the claim as to give as against the surety a new starting-point for the commencement of the presumption of payment from lapse of time, as might have been the effect of an admission by the guardian in his life-time of an amount due and unpaid. *Shubrick* v. *Adams, supra.* The presumption of payment commenced to run on the marriage of Mary E., March 3, 1863, and this (as well as the claim above considered) was first presented September 4, 1883, twenty years and six months after the presumption commenced to run.

. It is not necessary here to consider the effect of an injunction against creditors, for in this, as well as in the above considered case, there seems to have been none. Neither is it necessary to inquire whether nine months are to be added to the twenty years in cases of presumption as in cases of the statute of limitations, for which *Gray* v. *Givens* (*Riley Ch.*, 44; 2 *Hill Ch.*, 511) seems to be an authority; for Robert Pitts had died in the spring of 1862, and the nine months had more than expired before the presumption commenced to run, or the marriage March 3, 1863. This claim, therefore, of Mary E. Donnon, or rather of James M. Donnon and Mary E., his wife, has also been barred by lapse of time.

It is therefore ordered and adjudged that the judgment of the Circuit Court be affirmed and the appeal dismissed.